OPINION
Defendant-appellant, Neal Yopp ("appellant"), appeals from the imposition of the maximum sentence by the Ashtabula County Court of Common Pleas after appellant violated his community control sanctions.
On February 17, 1999, appellant entered a plea of no contest to a charge of domestic violence, a felony of the fifth degree. On April 6, 1999, the trial court sentenced appellant to two (2) years of community control. On January 21, 2000, appellant appeared before the trial court and admitted he violated the terms of his community control sanctions by repeatedly failing to report to the probation department. The trial court extended the terms of appellant's community control for another year.
On February 26, 2001, appellant pled guilty to a charge of criminal damaging in the Conneaut Municipal Court. Because of the conviction and his failure to attend the Lake Area Recovery Center for a drug and alcohol evaluation as ordered, appellant was charged with violating his community control sanctions.
On May 17, 2001, appellant appeared before the trial court. After the testimony, the trial court found that appellant had violated his community control sanctions. The court found that the shortest term of incarceration would not adequately protect the public due to appellant's repeated pattern of violence towards the victim. The trial court sentenced appellant to the maximum term of one (1) year after finding appellant posed the greatest likelihood of committing future crimes. The trial court credited appellant for the two hundred eighteen (218) days he had been confined.
On June 11, 2001, appellant filed a motion with the trial court for release on bond during the pendency of the appeal. The trial court never ruled on the motion. On November 28, 2001, appellant filed a motion for release on bond with this court. In a December 10, 2001 judgment entry, this court denied the motion.
In his assignment of error, appellant asserts the trial court erred by sentencing him to the maximum prison term following the violation of his community control sanctions. Because of the credit given for time served, appellant should have completed his sentence for the offense at issue. In State v. Beamon (Dec. 14, 2001), Lake App. No. 2000-L-160, unreported, 2001 Ohio App. LEXIS 5655, this court considered the appeal of a defendant sentenced to the maximum sentence following violation of his community control sanctions. This court determined the appeal was moot because the defendant was challenging the length of his sentence and not the underlying conviction. Therefore, there could be no collateral disability or loss of civil rights which could be remedied by a modification of the term of the sentence.
Based upon the record before this court, appellant has completed his sentence. This court cannot grant any relief to appellant following the completion of the sentence because the underlying conviction is not at issue. Appellant's assignment of error is moot and the appeal from the judgment of the Ashtabula County Court of Common Pleas is dismissed.
O'NEILL, P.J., FORD, J., concur.